UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14169-Civ-GRAHAM
    (06-14075-Cr-GRAHAM)
MAGISTRATE JUDGE P. A. WHITE

GARFIELD W. BIRMINGHAM,          :

        Movant,                  :

                                 :     **REPORT OF MAGISTRATE JUDGE**
vs.                              :     **FOLLOWING EVIDENTIARY HEARING**

UNITED STATES OF AMERICA,        :

        Respondent.              :
_____  :

Introduction

        This cause is before the Court upon the movant's pro se motion
to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and
sentence for illegal re-entry following deportation entered
following a guilty plea in case no. 06-14075-Cr-Graham.

        This Cause was referred to the undersigned for consideration
and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10
of the Rules Governing Section 2255 Proceedings for the United
States District Courts.

        The Court has reviewed the movant's motion, the government's
responses to an order to show cause with multiple exhibits, the
Presentence Investigation Report (PSI), and all pertinent portions
of the underlying criminal file.

        Construing the movant's claims liberally as afforded *pro se*
litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the
movant appears to raise the following claims:

                1.    He was denied effective assistance of
                      counsel, because his lawyer failed to:

      a.    review the PSI with the movant prior to sentencing;

      b.    object to the enhancements as contained in the PSI; and

      c.    file a requested direct appeal. (Cv-DE#1:5).

2.    The probation officer erred in assessing a two point increase in his criminal history points, where he was not on parole at the time of the offense that is the subject of this collateral proceeding. (Cv-DE#1:6).

3.    The probation officer erred in assessing five criminal history points for prior convictions which were over ten years old. (Cv-DE#1:7).

4.    There was a misrepresentation in the Indictment regarding the prior offense which formed the basis for the offense of conviction here. (Cv-DE#1:9).

After review of the record, it became apparent that an evidentiary hearing regarding the movant's claim that counsel was ineffective for failing to file a requested direct appeal was required, and Michael B. Cohen, Esquire was appointed to represent the movant. An evidentiary hearing was held on April 10, 2008.

## Factual and Procedural History

In order to place the procedural posture of this case in context, a brief factual and procedural history of the underlying criminal case is required. The stipulated facts at the change of plea hearing reveals that on October 20, 2006, agents were dispatched to Jupiter Island based upon a suspected migrant landing. (Cv-DE#10:Ex.-Trans.Change of Plea:7). Investigation revealed that the movant, three men (all Jamaican citizens), and two women left the Bahamas on October 19th and made landfall at St.

2

Lucie State Park, Florida, in the early morning hours of October 20th. (Id.:7-8). After arriving at the park, the individuals traveled south by foot towards Pecks Lake Park where they were approached by law enforcement. (Id.).

Upon further investigation, it was ascertained that the movant had previously been deported on July 23, 1998, based on his prior conviction for possession with intent to distribute a controlled substance. The movant thereafter re-entered the United States, and was again deported on April 26, 2006. (Id.). Fingerprint examination reveals that the movant was the same individual previously deported on July 23, 1998 and again on April 26, 2006. (Id.). A certificate of non-existence was obtained confirming that the movant had failed to obtain consent either from the Attorney General or from the Secretary of the Department of Homeland Security authorizing his re-entry to the United States. (Id.8-9).

The movant was subsequently charged with and pleaded guilty to illegal re-entry following deportation after having been convicted of an aggravated felony. (Cr-DE#s1,69,97).

Prior to sentencing, a PSI was prepared, establishing a base offense level 8 pursuant to U.S.S.G. §2L1.2. (PSI ¶26). The base offense level was increased 8 levels pursuant to U.S.S.G. §2L1.2(b)(1)(C) because the movant was previously deported or unlawfully remained in the United States after a conviction for an offense classified as an aggravated felony. (PSI ¶27). The base offense level was then decreased by three levels based on the movant's timely acceptance of responsibility, which resulted in a total base offense level 13. The PSI also determined that the movant had a total of five criminal history points based on his prior convictions (PSI ¶45). Two criminal history points were added pursuant to U.S.S.G. §4A1.1(e) because the movant committed the offense of conviction under attack here while he was on parole. (PSI ¶46). Pursuant to U.S.S.G. §4A1.1.(e), an additional point was added to the criminal history points because the instant offense

3

was committed less than two years after the movant had been previously released from custody. (PSI ¶47). The PSI concluded that based on a total of eight criminal history points, the movant's criminal history category was a category IV. (PSI ¶48). Based on a total offense level 13 and a criminal history category IV, the PSI concluded that the applicable guidelines range was 24 to 30 months imprisonment. (PSI ¶95).

On March 16, 2007, the movant appeared for sentencing. (Cv-DE#10-Sent. Trans:1). At that time, the court adjudged the movant guilty, and adopted the PSI findings of fact and conclusions of law. (<u>Id</u>.:3). The court noted that the PSI revealed the movant has a serious criminal history, and requested argument from defense counsel as to why the court should not depart above the guidelines in this case. (<u>Id</u>.:4).  Defense counsel then proceeded to explain the movant's history of cocaine use, and requested that the movant be sentenced to the low end of the guidelines range. (<u>Id</u>.:6-7). After hearing argument from the government on the issue, the court sentenced the movant to the highest end of the applicable guidelines range based on the movant's conduct in the underlying criminal case, his prior deportations, and his extensive criminal history. (<u>Id</u>.:12). The court then sentenced the movant to a term of 30 months in prison, followed by three years of supervised release. (Cr-DE#103). The judgment was thereafter entered by the Clerk on April 2, 2007. (Cr-DE#103). No direct appeal was filed. The judgment of conviction in the underlying criminal case became final at the latest on April 16, 2007, ten days after the entry of judgment, when time expired for filing a notice of appeal.[1] This motion to vacate was timely filed less than one year later on June

---

[1] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. <u>Adams v. United States</u>, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. <u>Fed.R.App.P.</u> 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. <u>Fed.R.App.P.</u> 4(b)(6). On December 1, 2002, <u>Fed.R.App.P.</u> 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

13, 2007.[2] (Cv-DE#1).

Evidentiary Hearing Claim

In **claim one (c)**, the movant asserts that his lawyer, Assistant Federal Public Defender Peter Birch (AFPD Birch), failed to file a requested direct appeal. The claim was not conclusively refuted by the record, and warranted further evidentiary findings. At the April 10, 2008 evidentiary hearing, testimony was taken from the movant and his defense counsel, AFPD Birch.

It is clear that a counsel's failure to file a direct appeal after being requested to do so by her client results in a per se constitutional violation of the movant's Sixth Amendment right to counsel, which entitles the movant to an appellate proceeding. Roe v. Flores-Ortega, 528 U.S. 470 (2000) ("we have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable").

This holds true whether the defendant pleaded guilty or was convicted after jury trial. In either scenario the defendant need not show that there were viable grounds for such an appeal. Martin v. United States, 81 F.3d 1083 (11 Cir. 1996); Montemoino v. United States, 68 F.3d 416, 417 (11 Cir. 1995); Restrepo v. Kelly, 178 F.3d 634, 641-42 (2d Cir.1999)(holding that a habeas petitioner alleging ineffective assistance of counsel based on counsel's failure to file a requested notice of appeal need not demonstrate that his defaulted appeal would have succeeded in order to establish prejudice sufficient for habeas relief). It is clear that

---

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).'s pleading is deemed filed when executed and delivered to prison authorities for mailing).

appellate counsel must both perfect an appeal and file a brief to perform effectively as an advocate. Cannon v. Berry, 727 F.2d 1020 (11 Cir. 1984); Mylar v. Alabama, 671 F.2d 1299 (11 Cir.), rehearing denied en banc, 677 F.2d 117 (1982); Perez v. Wainwright, 640 F.2d 596 (5 Cir. 1981). The failure to do so constitutes ineffective assistance, per se, so that habeas corpus relief in such cases does not depend on a showing of actual prejudice. Cannon v. Berry, supra.

In the case of an appeal following a guilty plea, however, the defendant is entitled to an out-of-time appeal of sentencing issues only. Id. Only sentencing claims may be raised on an appeal-out-of-time following a plea because "the few grounds upon which the guilty plea may be challenged are not limited to direct appellate review, but instead are more appropriately raised in §2255 proceedings." Montemoino at 417.

Former counsel, Assistant Federal Public Defender, Peter Birch, an experienced and seasoned criminal defense attorney, practicing criminal law for over 16 years, testified that he specifically recalled representing the movant on a charges arising from the movant's illegal re-entry into the United States following deportation. He was forthright in his testimony that he had an independent recollection of the particulars of this case because the movant received a windfall arising from the government's and probation officer's inability to confirm whether the movant's prior conviction warranted a 12-level rather than an 8-level enhancement pursuant to U.S.S.G. §2L1.2 because the prior offense involved a felony drug trafficking offense. He also specifically recalled being taken by surprise at sentencing when the district court indicated on the record that it was considering departing upwards from the applicable guidelines range based on the movant's extensive criminal history.

AFPD Birch testified that he was always concerned with the movant's guidelines range exposure of approximately 46 to 57 months in prison if the probation officer determined that a twelve-level and not an eight-level enhancement was warranted based on the movant remaining in the United States after being convicted of a felony that is a drug trafficking offense for which a term of more than one year imprisonment was imposed. When the probation officer did not apply the enhancement, AFPD Birch met with the movant prior to sentencing on March 7, 2007, at which time he explained the contents of the PSI to the movant, and advised him that he would be arguing on the movant's behalf for a sentence at the low end of the applicable guideline range. AFPD Birch counseled the movant against filing any objections on the basis that the PSI, as currently prepared, was quite favorable in that the an 8-level rather than a 12-level enhancement had been applied, which resulted in a significant reduction to the movant's otherwise applicable guidelines range. He further advised the movant that filing any objections might have a negative impact in that the probation officer and/or the government may, upon further investigation, seek to amend the PSI to add the 12-level enhancement. AFPD Birch recalled that the movant agreed not to file any objections, and only seek a sentence at the low end of the applicable guideline range.

At sentencing, when the court indicated it was inclined to upward depart, AFPD Birch recalls strategically arguing for a sentence within the guidelines range. The court acquiesced in this regard, but nevertheless imposed a sentence at the highest range of the guidelines range.

After sentencing, AFPD Birch testified he specifically recalled meeting with the movant to discuss his appellate rights. Although the meeting was brief, he advised the movant that there

were no nonfrivolous grounds for an appeal, and no benefit to be gained by filing an appeal. AFPD Birch also explained to the movant that the appellate court could reverse his sentence, finding it unreasonable given the movant's extensive criminal history, and upon remand, the movant could potentially face a longer term of incarceration. AFPD Birch testified that at the conclusion of the meeting, the movant agreed with counsel's advice, agreeing not to pursue a direct appeal. AFPD Birch candidly stated that his March 16, 2007 notes clearly reflect that no direct appeal would be filed.[3]

Moreover, following the meeting, on April 2, 2007, AFPD Birch sent a letter to the movant which stated in pertinent part as follows:[4]

> Enclosed is a copy of the judgment entered in your case. As we discussed, I will not be filing a notice of appeal, and this will end your case. If you have changed your mind about filing an appeal, or have any questions, please contact me immediately. Gook luck.

According to AFPD Birch, after the letter was sent to the movant at the local Federal Detention Center, the movant's then current address, he never received any further communications from either the movant or his family regarding the pursuit of an appeal. AFPD Birch was forthright in his testimony that the movant never asked that an appeal be filed, nor did he get a sense that the movant desired to pursue an appeal. To the contrary, the movant agreed not to pursue an appeal as he was happy with the sentence imposed. AFPD Birch was unequivocal, however, if the movant had

---

[3] The notes were introduced into evidence at the evidentiary hearing as government's Exhibit 1.

[4] The letter was introduced at the evidentiary hearing as Government's Exhibit 2.

requested that an appeal be filed, he would have filed the notice.

The movant testified, however, that after imposition of sentence on March 16, 2007, while he was in the holding area, he met with AFPD Birch, and advised him that he wanted to prosecute an appeal because he did not feel that his high end guidelines sentence of 30-months was fair or reasonable. According to the movant, he should have received a low end guidelines sentence. The movant recalled counsel advising him against pursuing an appeal. Despite this advise, the movant states that he nevertheless wanted and instructed counsel to file an appeal on his behalf, but concedes he never followed-up or verified that the appeal was filed. The movant acknowledged, however, receiving a letter from counsel approximately one week later following up on their meeting regarding his appellate rights. The movant did nothing to verify the status of his pending appeal, and explained that his lack of diligence was as a result of his limited eighth grade education, and his difficulty reading and writing. The movant further testified that he had previously apprised AFPD Birch of this limitation. However, AFPD Birch was forthright in his testimony that the movant never indicated he had difficulty reading or comprehending letters sent to him.

The movant's testimony was qualified regarding whether or not he went over the contents of the PSI with counsel prior to sentencing. However, during cross-examination, the movant conceded that he had previously testified under oath at sentencing that he had in fact discussed the contents of PSI with counsel. He also conceded during cross-examination that his sworn declaration, as contained in his motion to vacate, that counsel failed to meet with him prior to sentencing to discuss the PSI was untruthful. He attempted to justify this lie by stating that he had an inmate law clerk help him with the preparation of the motion to vacate. This

court finds highly suspect the movant's testimony regarding his limited education, and his ability to read and write.

In this case, it is undisputed that defense counsel consulted with his client about an appeal on at least one occasion following sentencing. The issue is whether at the conclusion of that meeting or sometime thereafter, the movant instructed his counsel to file a notice of appeal or agreed that one should not be filed.

After careful consideration of the testimony of the movant in the context of this case and close observation of his demeanor, as well as careful attention to and review of the testimony of trial counsel at the evidentiary hearing, and, taking into account the respective interests of the parties in the outcome of this proceeding, the undersigned finds credible AFPD Birch's testimony that the movant at no time instructed that an appeal be filed, and that he never got the impression from the movant that he wanted to pursue an appeal. The court further credits counsel's testimony that he never received any communication, either oral or written, from the movant instructing that an appeal be filed.

The court rejects as disingenuous the movant's self-serving testimony that he always wanted to prosecute a direct appeal. It is clear from the evidence at the hearing that the movant did nothing to verify that his appeal was pending. The court finds troublesome the movant's self-serving testimony that he has a limited educational background which precludes him from understanding the contents of counsel's written communications or from understanding the nature of the proceedings. The movant's disingenuousness is further evident when he provided equivocal and contradictory testimony concerning whether or not he had reviewed his PSI with counsel prior to sentencing. As will be recalled, in his written motion, which he executed under penalty of perjury, the movant

claimed that counsel failed to review the PSI with him, but at the evidentiary hearing, he conceded that at sentencing he testified under oath that he had reviewed the PSI with counsel.

In sum, the undersigned does not find credible the movant's testimony that he asked his lawyer to file an appeal at the conclusion of the March 16, 2007 meeting. Moreover, this court further finds that the movant failed to establish what, if anything, he did to verify the status of his appeal, or to insure that his appellate rights were preserved. Thus, the court finds that the movant was advised of his appellate rights at the March 16, 2007 meeting and agreed to waive those rights after full consultation with his attorney. Consequently, no showing has been made that counsel was ineffective pursuant to <u>Strickland</u> and the movant is therefore not entitled to an out-of-time appeal.

<u>Remaining Claims</u>

In **claim one (a)**, the movant asserts that he was denied effective assistance of counsel, because his lawyer failed to review the PSI with the movant prior to sentencing. (Cv-DE#1:5). According to the movant, counsel failed to discuss the PSI with the movant so that misinformation could be corrected. (<u>Id</u>.). This claim is clearly refuted by the record.

At the March 16, 2007 sentencing, the following colloquy was conducted by the court:

> COURT:        ...Mr. Birmingham, have you had an opportunity to review the presentence report?
>
> DEFENDANT: Yes, sir.
>
> COURT:        Have you discussed the report with Mr. Birch?
>
> DEFENDANT: Yes, sir.

```
COURT:        Do you have any questions concerning the
              report?

DEFENDANT:    No, sir.

COURT:        Did you understand all of the information
              in the report?

DEFENDANT:    Yes, sir.

COURT:        Mr. Birch, are there any objections?

MR. BIRCH:    No, Your Honor.
```

(Cv-DE#110:2-3).

It is clear from the above colloquy, that the movant had an opportunity to review and discuss the contents of the PSI with counsel. See Blackledge v. Allison, 431 U.S. 63, 74 (1977)(sworn admissions carry a strong presumption of truthfulness and pose a "formidable barrier in subsequent collateral proceedings."). His assertion to the contrary in his motion to vacate is clearly refuted by the record. Thus, no deficient performance or prejudice pursuant to Strickland has been demonstrated. Moreover, at the evidentiary hearing in this case, the movant conceded that this claim may have been made in error or was otherwise untruthful as he had the assistance of an inmate law clerk in preparing the motion. This court discredits the movant's disingenuous testimony at the evidentiary hearing that he responded to the court's inquiry, as narrated above, because he was instructed to do so by his attorney, and not because he had a full understanding of the nature of the questions or the proceedings. The movant is thus entitled to no relief on this claim.

In **claim one (b)**, the movant asserts that counsel was ineffective for failing to object to the enhancements as contained in the PSI. (Cv-DE#1:5). The movant provides no factual support for this claim. Such a bare and conclusory allegation without record support is subject to summary dismissal. Machibroda v. United States, 368 U.S. 487 (1962). To the extent the movant means to argue that the probation officer unlawfully enhanced his sentence,

12

as alleged in claims two through four, those claims will be
discussed *infra*.

The following three claims, claims two through four, could
have been, but were not raised on direct appeal. The movant appears
to argue generally in claim one, as well as, in his motion to
vacate, that counsel was ineffective for failing to raise the
issues on appeal. A claim of ineffective assistance of counsel may
constitute cause for failure to previously raise the issue. United
States v. Breckenridge, 93 F.3d 132 (4 Cir. 1996). Attorney error,
however, does not constitute cause for a procedural default unless
it rises to the level of ineffective assistance of counsel under
the test enunciated in Strickland v. Washington, 466 U.S. 668
(1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). As will be
discussed *infra*, no deficient performance or prejudice has been
established arising from counsel's failure to pursue these
nonmeritorious claims either at sentencing or on appeal.

In **claim two**, the movant asserts that the probation officer
erred in assessing a two point increase in his criminal history
points, where he was not on parole at the time of the offense that
is the subject of this collateral proceeding. (Cv-DE#1:6).
According to the movant, his Illinois parole was for a minor
infraction, which was terminated upon his deportation, and
therefore no criminal history points should have been added by the
probation officer in this regard. (Cv-DE#1:6).

Pursuant to U.S.S.G. §4A1.1(d), two points are added to a
defendant's criminal history points if "the defendant committed the
instant offense while under any criminal justice sentence,
including probation, parole, supervised release, imprisonment, work
release, escape status." U.S.S.G. §4A1.1(d). Application Note 4
further clarifies that "active supervision is not required for this
item to apply." U.S.S.G. §4A1.1(d), app. n. 4.

Review of the PSI reveals that a total of two criminal history points were added, pursuant to U.S.S.G. §4A1.1(d), based on the fact that the present offense under attack here was committed while the movant was serving a term of parole in Illinois case nos. 04C22038801 and 04C22039901. (PSI ¶46). The PSI reveals that as to these prior convictions, the movant was released from prison to parole on February 17, 2006 and that parole was scheduled to expire on February 20, 2008. (PSI ¶¶43-44). Other than the movant's self-serving allegation that parole was terminated upon his deportation, no showing has been made here that, in fact, parole was terminated.

Moreover, the movant's precise argument raised herein has previously been rejected by the Eleventh Circuit on the finding that a parole term is not terminated upon deportation as U.S.S.G. §4A1(d) confirms a term of parole need not actually be supervised to apply the guideline and nothing in the text indicates that a defendant's subjective understanding of the parole term is relevant. See United States v. Phillips, 413 F.3d 1288, 1292 (11th Cir. 2005), relying on, United States v. McCann, 366 F.3d 46, 58 (1st Cir. 2004), judgment vacated and remanded on other grounds, 543 U.S. 1104 (2005); United States v. Cuero-Flores, 276 F.3d 1113 (2d Cir. 2002)(term of parole or special parole does not automatically terminate upon deportation and, thus, a defendant who was sentenced to a lifetime term of special parole prior to deportation was under a "criminal justice sentence" when he illegally reentered the United States. United Stats v. Carrasco-Mateo, 389 F.3d 239, 246-48 (1st Cir. 2004); United States v. Brown, 54 F.3d 234, 237-38 (5th Cir. 1995).

As the guidelines commentary clarifies, and as found correctly by the Eleventh Circuit in Phillips, active supervision is not required for the sentence to be considered a criminal justice

14

sentence for purposes of criminal history category calculations. There is nothing of record nor any legal support for the movant's assertion that deportation terminated his parole. The probation officer therefore correctly assessed two criminal history points on the basis that the movant was on parole at the time of the instant offense under attack here. Under these circumstances, no deficient performance or prejudice has been established arising from counsel's failure to pursue this claim either sentencing or on appeal. He is thus entitled to no relief on this claim.

In **claim three**, the movant asserts that the probation officer erred in assessing five criminal history points for prior convictions which were over ten years old. (Cv-DE#1:7). He claims points were unlawfully assessed for a 2003 and 2004 arrest in Illinois which involved minor crimes, over ten years old. (Id.). He also argues that it was never definitely proven that he was the defendant involved in those prior convictions. (Cv-DE#1:7).

Review of the PSI reveals that on February 27, 2003 and again on March 28, 2004, the movant was arrested and charged with unlawful possession of cocaine in Illinois, case nos. 03Cr073120 and 04C22039901. He was sentenced to 367 days imprisonment as to the 2003 offense and 3 years imprisonment as to the 2004 offense.

The movant's arguments in this collateral proceeding that the offenses were over ten years old and for minor crimes is belied by the record. First, as previously noted, the offenses occurred less than four years prior to the 2006 Indictment in the case under attack here. Second, the drug offenses were not minor, misdemeanors, but were rather felony offenses which resulted in a term of imprisonment of over one year. Moreover, the exact nature of the offenses is of no import as to whether criminal history points are assessed. Pursuant to U.S.S.G. §4A1.2(c) "sentences for all felony offenses are counted." U.S.S.G. §4A1.2(c).

Finally, the movant offers no objective evidence in this collateral proceeding that he is not the individual convicted as to those two prior offenses. Such a conclusory allegation without any record support must fail. <u>Machibroda v. United States</u>, 368 U.S. 487 (1962). It should also be noted that at sentencing, the movant did not object or otherwise advise the court during allocution that he was not the individual charged and convicted in Illinois. He remained silent when counsel argued against an upward departure sentence, stating that those offenses involved minor amounts of drugs, occurring during a time when the movant had a cocaine problem. (Cr-DE#110:4).

Under these circumstances, the movant has failed to establish either deficient performance or prejudice pursuant to <u>Strickland</u> arising from counsel's failure to pursue this claim at sentencing or on direct appeal, and is therefore entitled to no relief.

In **claim four** , the movant asserts that there was a misrepresentation in the Indictment regarding the prior offense which formed the basis for the offense of conviction here. (Cv-DE#1:9). According to the movant, he resided lawfully in the United States with his mother since 1972. (<u>Id</u>.) He claims in 1987 he was convicted of a non-aggravating felony, for a simple possession offense, as evidenced by his sentence of probation and not imprisonment. (<u>Id</u>.). The movant further claims that there was a judicial recommendation against deportation issued by the judge, that he was never apprised that he could be subject to deportation, but claims he was nevertheless unlawfully deported.[5] (<u>Id</u>.).

Review of the PSI reveals that pursuant to U.S.S.G. §2L1.2(b)(1)(C), the movant's base offense level was enhanced 8-levels based on the fact that the movant had been previously deported or unlawfully remained in the United States after a

---

[5]Other than the movant's self-serving allegation in this regard, no objective evidence has been provided in support of this claim.

conviction for an offense classified as an aggravated felony. (PSI ¶27). For purposes of this enhancement, an aggravated felony has the same meaning given that term in Section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(43), without regard to the date of conviction for the aggravated felony. See U.S.S.G. §2L1.2(b)(1)(C), app.n. 3(A). Title 8 U.S.C. §1101, in turn, defines "aggravated felony" to include a "drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c) defines the term "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 *et seq.*)." See 18 U.S.C. § 924(c)(2).

The Eleventh Circuit has held that a drug offense falls within the definition of "drug trafficking crime" in §924(c)(2) and therefore fits within the definition of aggravated felony if two criteria are met: (1) the offense must be punishable under one of the three enumerated statutes, including the Controlled Substances Act ("CSA"); and (2) the offense must be a felony. United States v. Simon, 168 F.3d 1271, 1272 (11th Cir. 1999); see also, United States v. Restrepo-Aguilar, 74 F.3d 361, 364 (1st Cir. 1996); United States v. Polanco, 29 F.3d 35, 38 (2d Cir. 1994); United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997); United States v. Briones-Mata, 116 F.3d 308, 309-310 (8th Cir. 1997); United States v. Garcia-Olmedo, 112 F.3d 399, 400-401 (9th Cir. 1997); United States v. Cabrera-Sosa, 81 F.3d 998, 1000 (10th Cir. 1996).

The movant in this case ignores the plain language of the Controlled Substance Act which defines a felony as "any Federal or State offense classified by applicable Federal or State law as a felony." The movant's 1987 Illinois conviction was classified a

felony offense involving a drug trafficking crime.[6] The probation officer thus correctly imposed the 8-level enhancement in the movant's base offense level.[7] Under these circumstances, no deficient performance or prejudice has been established arising from counsel's failure to pursue this issue either at sentencing or on appeal. He is thus entitled to no relief on this claim.

Finally, to the extent the movant means to argue that counsel was ineffective for failing to challenge pretrial and on appeal that his conviction is unlawful because the allegation in the Indictment that the 1987 Illinois conviction was an aggravated felony was never proven beyond a reasonable doubt, that claim fails on the merits.

It should first be noted that the movant waived all rights to contest all nonjurisdictional defects and defenses, when he entered a knowing and voluntary guilty plea.[8] The movant does not claim that his plea was not knowing and voluntary. To the contrary, review of the change of plea transcript reveals that the movant's plea was knowing and voluntary. (Cr-DE#111). The stipulated facts at the change of plea hearing included the fact that the movant had

---

[6]See certified copy of conviction attached to the government's response in this case.

[7]The movant's reliance on the Supreme Court's decision in Lopez v. Gonzalez, ___ U.S. ___, 127 S.Ct. 625 (2006) is of no import. In Lopez, the Supreme Court found that an alien's prior state court felony conviction for simple possession of a controlled substance, that is punishable as a misdemeanor under the Controlled Substances Act, does not qualify as an aggravated felony for purposes of the Immigration Nationality Act.

[8]A knowing and voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects and defenses, which includes the defense of entrapment. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971); Mejia v. United States, 430 F.2d 1273 (5th Cir. 1970); Frye v. United States, 411 F.2d 562 (5th Cir. 1969); Henderson v. United States, 395 F.2d 209 (5th Cir. 1968). See also, United States v. Broce, 488 U.S. 563 (1989); United States v. Bell, 966 F.2d 914, 915 (5 Cir. 1992); Dermota v. United States, 895 F.2d 1324 (11 Cir. 1990), cert. denied, 498 U.S. 837; United States v. Yunis, 723 F.2d 795 (11 Cir. 1984). See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971).

been previously convicted for possession with intent to deliver a
controlled substance, an aggravated felony. (Cr-DE#111:8). When
asked if he agreed with the government's factual proffer, the
movant responded in the affirmative. (Id.:10). These solemn
declarations carry a strong presumption of truthfulness. See
Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v.
Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

Moreover, to the extent the movant means to argue that in 1987
he was not advised by the Illinois court of the collateral
consequences of his conviction, or that his conviction in that case
was otherwise unlawful, the movant is entitled to no relief
therefrom. First, other than his self-serving declaration, the
movant provides no objective evidence to support this allegation.

It is also well settled that collateral attacks on prior
convictions are generally prohibited in federal sentencing
proceedings, and may be raised only when the conviction was
obtained in violation of the defendant's right to counsel. United
States v. Phillips, 120 F.3d 227, 231 (11 Cir. 1997)(citing, Custis
v. United States, 511 U.S. 485 (1994)); United States v. Farris, 77
F.3d 391, 397 & n. 10 (11 Cir.), cert. denied, 519 U.S. 896 (1996).
Moreover, the Supreme Court has held that a federal prisoner who
has failed to pursue available remedies to challenge a prior
conviction (or has done so unsuccessfully) may not collaterally
attack that conviction through a motion pursuant to 28 U.S.C. §2255
directed at the enhanced federal sentence. Daniels v. United
States, 523 U.S. 374 (2001), citing, Custis v. United States, 511
U.S. 485, 493 (1994)(only prior convictions which may be
collaterally attacked at sentencing were those obtained in
violation of the right to appointed counsel).

The movant does not assert that he was not represented by

counsel, but merely attempts to challenge the lawfulness of that prior state court conviction here. The movant has also not shown that the prior conviction he is challenging in this proceeding has been vacated, and there is nothing of record to support such a conclusion. Thus, there appears to have been no legal basis to challenge the validity of underlying state conviction at the time of the movant's sentencing in federal court, nor at this time. Under these circumstances, no deficient performance or prejudice has been demonstrated arising from counsel's failure to pursue the claim at sentencing or on appeal.

<u>Conclusion</u>

It is therefore recommended that this motion to vacate be denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 15th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Michael B. Cohen, Esquire
     Attorney for Movant
     500 W. Cypress Creek Road
     Suite 300
     Ft. Lauderdale, FL 33309
     Phone: 954/928-0059
     Fax: 954/928-0829

20

Rinku Talwar, AUSA
U.S. Attorney's Office
505 South 2nd Street, Suite 200
Fort Pierce, FL 34950
Phone: 772-466-0899
Fax: 772-466-1020